BARKDULL, THOMAS H., Jr., Associate Judge.
By this appeal, we are called upon to review the correctness of a final judgment *98 dissolving a marriage of some nineteen years duration.
This record demonstrates that sometimes the financial situation in which married people find themselves will not lend itself to the dissolution of a marriage because there are insufficient funds to support two separate households. However, the parties herein sought and received a dissolution of marriage, and the trial judge did his best in making alimony and support awards under the limited financial ability of the husband. The parties had four children, three of whom were living with the mother and one who had already reached majority. She was awarded the possession of the marital premises for a limited time, pending the youngest child reaching majority or departing the premises. He awarded $375.00 a month child support and required the father to pay all optical and dental bills for the minor children. Upon the number two child reaching eighteen, which was to be shortly after the entry of the final judgment of dissolution, he reduced the support obligation of the father by $100.00.
The appellant has brought this appeal, contending that the financial aspects of the judgment were erroneous because of his limited income and assets. As indicated above, we can understand the plight of the appellant, but he brought the instant action and the trial judge did the best he could under the circumstances. We affirm the action of the trial judge, except as modified by striking from the final judgment that portion relating to the father’s obligation for ordinary optical and dental bills (of course if, during the minorty of the children there should be any extraordinary expenses of this nature, the trial court would always be open to consider this matter. See: § 61.14, Fla.Stat.). We also see no reason for the trial judge, after he had awarded support of $375.00 a month for the three children remaining at home, to reduce the award only $100.00 when the number two child reached majority. We therefore modify the final judgment to require a reduction of $125.00 in support obligation at the time the number two child reached majority.[1]
Therefore, except as modified herein, the final judgment of dissolution here under review be and the same is hereby affirmed.
Affirmed.
RAWLS, Acting C. J., and MELVIN, WOODROW M., Associate Judge, concur.

. This reduction shall be effective as of the date of the entry of the mandate on this opinion.